**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Antonio Ramos Martinez,

Petitioner

v.

John Mattos, et al.,

Respondents

Case No.: 2:26-cv-02241-JAD-NJK

**Order Denying Habeas Relief**

[ECF No. 15]

Petitioner Antonio Ramos Martinez is a Mexican citizen who was taken into custody by Immigration and Customs Enforcement (ICE) officials in July 2026. He has been in ICE detention at the Nevada Southern Detention Center in Pahrump, Nevada, since then. Ramos Martinez seeks a writ of habeas corpus, alleging that his due-process rights were violated because the immigration judge improperly placed the burden of proof on him during his bond hearing. The government responds that he failed to exhaust his administrative remedies and that the immigration judge correctly applied the appropriate legal standards by placing the burden on Ramos Martinez.

Placing the burden on the petitioner during an 8 U.S.C. § 1226(a) bond hearing does not facially violate the due-process clause. Because I do not find that the facts here require a burden shift, the immigration judge did not violate Ramos Martinez's due-process rights during his custody-redetermination hearing. I thus deny Ramos Martinez's petition for a renewed bond hearing.

## Background

On August 10, 2026, Ramos Martinez sought custody a redetermination from an immigration judge (IJ) to decide whether he should be released from detention while his removal

proceedings were ongoing.[1] The IJ denied the motion.[2] She considered several of the nine factors identified in *Matter of Guerra*[3] that an IJ may weigh when considering bond and cited Board of Immigration Appeals (BIA) precedent.[4] She concluded that Ramos Martinez's DUI conviction and pending DUI charge, limited ties to the community, and unlikelihood of success in his immigration case weighed against release on bond.[5] She described DUIs as "serious adverse considerations in any bond determination."[6] While Ramos Martinez reserved his right to appeal, he ultimately did not file an appeal with the BIA.[7]

**Discussion**

**A. This court has jurisdiction over Ramos Martinez's claims.**

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[8] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release a petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under United States immigration laws.[9]

---

[1] ECF No. 15 at 4; *see* ECF No. 12-5.

[2] ECF No. 12-5; *see* ECF No. 12-6.

[3] *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006) (listing factors including whether the petitioner has a fixed address, the length of his residence in the United States, his family ties, employment history, record of court appearance, criminal record and seriousness of offenses, history of immigration violations, attempts to flee authorities, and manner of entry to the United States); ECF No. 12-5; ECF No. 12-6 at 5:30–7:45.

[4] *Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024).

[5] ECF No. 12-5; ECF No. 12-6 at 5:30–7:45.

[6] ECF No. 12-5 (citing *Matter of Siniauskas*, 27 I&B Dec. 207 (B.I.A. 2018)) (cleaned up).

[7] ECF No. 17 at 2; ECF No. 12-3 at 3.

[8] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2).

[9] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

**B. The government did not violate due process by placing the burden on Ramos Martinez during his custody-redetermination hearing.**

"The Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."[10] But the amount of process due to noncitizens "must account for the government's countervailing interests in immigration enforcement—considerations that do not apply to U.S. citizens."[11] The Ninth Circuit applies the three-factor test outlined in the Supreme Court case of *Mathews v. Eldridge*[12] to determine whether a noncitizen's procedural due-process rights have been violated in immigration-detention situations like this one.[13] Under *Mathews*, courts must consider "*first*, the private interest that will be affected by the official action; *second*, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and *finally*, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."[14]

***1. The deprivation of Ramos Martinez's liberty interest does not weigh in favor of relief.***

"An individual's private interest in freedom from prolonged detention is unquestionably substantial."[15] Ramos Martinez has been detained for approximately three months. Under Ninth

---

[10] *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1205 (9th Cir. 2022) (quoting *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021)).

[11] *Id.* at 1206.

[12] *Mathews v. Eldridge*, 424 U.S. 319 (1976).

[13] *Rodriguez Diaz*, 53 F.4th at 1207 (assuming without deciding that *Mathews* applies to a noncitizen's challenge to detention under § 1226(a)).

[14] *Mathews*, 424 U.S. at 335 (cleaned up).

[15] *Rodriguez Diaz*, 53 F.4th at 1207 (cleaned up).

Circuit precedent, that is not considered "prolonged."[16] But when evaluating Ramos Martinez's interests under the first prong, the court "cannot simply count his months of detention and leave it at that."[17] It must also consider "the process he received during this time, the further process that was available to him, and the fact that his detention was prolonged due to his decision to challenge his removal order."[18]

These additional considerations cut against Ramos Martinez. He was given the opportunity to contest his detention before an IJ who considered his 20 years of U.S. residence, 14-year partnership with a U.S. citizen, employment as a sushi chef, and the frequency and seriousness of his criminal history.[19] While he did not exercise it, he had the right to appeal the IJ's decision to the BIA.[20] Because duration of detention alone cannot justify relief and here, Ramos Martinez has not been detained for six months, and the record does not show any procedural deficiencies during his bond hearing, I find that the first factor does not weigh in favor of relief.

***2. Ramos Martinez has received the process he is due.***

The second *Mathews* factor considers whether the IJ deprived petitioner of his interests through deficient process and whether additional process would restore his liberty interest.[21] Ramos Martinez has been given a hearing before an IJ and, although he was uncounseled, he had

---

[16] *Id.* (citing *Diouf v. Napolitano*, 634 F.3d 1081, 1091 (9th Cir. 2011) (considering six months of continuing detention "prolonged")).

[17] *Id.* at 1208.

[18] *Id.*

[19] ECF No. 12-5; ECF No. 12-6 at 1:07–4:15, 4:43–5:03.

[20] ECF No. 17 at 2; ECF No. 12-3 at 3.

[21] *Mathews*, 424 U.S. at 335.

the option of representation and presentation of evidence in his favor.[22] He had the opportunity to appeal the IJ's bond decision.[23] His records also indicate that a second hearing was held on September 15, 2026, in which the IJ granted voluntary departure.[24]

Ramos Martinez argues that the IJ violated his due-process rights because she should have put the burden to establish dangerousness or risk of flight by clear-and-convincing evidence on the government.[25] In response, the government cites to the Ninth Circuit's opinion in *Rodriguez Diaz v. Garland*[26] to contend that an immigration judge may place the burden on the noncitizen in a custody-redetermination hearing.[27]

In *Rodriguez Diaz v. Garland*, a Ninth Circuit panel considered whether the government should bear the burden in custody-redetermination hearings after acknowledging that the noncitizen normally bears the burden to show by a preponderance of the evidence that he is not a "threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk" to justify his release.[28] The panel rejected the petitioner's argument that the burden must be placed on the government to show by clear-and-convincing evidence that the noncitizen is dangerous or a flight risk to comport with due process.[29] It acknowledged some of

---

[22] ECF No. 17 at 3; ECF No. 12-6 at 0:23–0:50 (confirming that Ramos Martinez wanted to proceed without time to find an attorney).

[23] ECF No. 17 at 2; ECF No. 12-3 at 3.

[24] ECF No. 12-3; *see* Dep't of Homeland Sec., Automated Case Information System, https://acis.eoir.justice.gov/en/.

[25] ECF No. 15 at 5–7.

[26] *Rodriguez Diaz*, 53 F.4th at 1197.

[27] ECF No. 17 at 8–9.

[28] *Rodriguez Diaz*, 53 F.4th at 1197 (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)).

[29] *Id.* at 1211–12.

the reasons other courts have held that such a burden shift is necessary—i.e., placing the burden on noncitizens risks erroneous deprivation because they "face tremendous language and cultural barriers, have difficulty obtaining evidence, and often lack financial resources to hire an attorney"—but concluded that those barriers "bear no relation to the facts of this case" because Rodriguez Diaz had an attorney, was able to present evidence, and spoke English.[30]

Ramos Martinez does not provide any facts suggesting that he was unable to collect evidence on his behalf, retain an attorney, or communicate with the immigration court. He received at least one bond hearing about a month after he was initially detained, and he has not shown that he was unable to communicate or present evidence at that hearing. The facts of Ramos Martinez's custody-redetermination hearing are distinguishable from *Rodriguez Diaz.* Ramos Martinez was unrepresented at his bond hearing and did not present a wealth of evidence,[31] but more is needed to show that resting the burden of proof on the noncitizen would violate his due-process rights. And if proper procedural protections are in place, an IJ has "broad discretion to weigh the listed [*Guerra*] factors and add any factors not mentioned or discount those that are less probative."[32] Here the IJ considered the *Guerra* factors that the Ninth Circuit has determined are sufficient and concluded, based on the evidence presented, that Ramos Martinez poses a danger to the community.[33] So I do not find that the burden at that hearing should have been on the government to show that Ramos Martinez was a threat or a flight risk.

---

[30] *Id.*

[31] *See* ECF No. 12-6.

[32] *Martinez*, 124 F.4th at 783 (citing *Guerra*, 24 I. & N. Dec. at 40).

[33] ECF No. 12-6 at 5:30–7:45; *see Rodriguez Diaz*, 53 F.4th at 1197 (explaining that an IJ "considers various factors in making this determination, including the individual's ties to the United States as well as his employment history, criminal record, history of immigration violations, and manner of entry into this country" (citation omitted)).

Ramos Martinez also argues that the IJ abused her discretion by "over relying" on *Matter of Siniauskas*.[34] In *Siniauskas*, the BIA identified drunk driving as "an extremely dangerous crime" and denied bond for a petitioner with three DUI convictions in one year and another DUI arrest ten years later; two of the four arrests or convictions involved car accidents.[35] The BIA found that an IJ should consider both the nature of an offense and the specific circumstances surrounding the noncitizen's conduct.[36] And an IJ can rely on arrests or charges to support a dangerousness finding if there is probative and specific evidence supporting the charge.[37]

Ramos Martinez attempts to distinguish his DUIs by arguing that his first conviction was from 12 years ago and his recent case is still pending.[38] But he does not identify any mitigating factors from these cases, such as whether he served jail time for his first conviction, whether injury or accidents occurred from the DUIs, or whether he disputes his recent arrest. By considering these crimes and the other *Guerra* factors,[39] the IJ soundly concluded that Ramos Martinez's dangerousness outweighed his residence in the U.S., employment, and family ties. So I find that Ramos Martinez has not shown the risk of an erroneous deprivation of his liberty interest based on the procedures used.

---

[34] ECF No. 20 at 3–4.

[35] *Siniauskas*, 27 I&N Dec. at 207–10.

[36] *Id.* at 208, 210 (finding the mitigating circumstances surrounding petitioner's recent DUI arrest unpersuasive).

[37] *Barrientos v. ICE Field Off. Dir.*, 667 Fed. App'x 184, 184 (9th Cir. 2016) (citing *Guerra*, 24 I. & N. Dec. at 40).

[38] ECF No. 20 at 4.

[39] *See* ECF No. 12-6 at 5:30–7:45.

### *3. The government's interests weigh against relief.*

The third and final factor also weighs against Ramos Martinez. It is undisputed that the government has a strong interest in enforcing immigration law, protecting the public from "dangerous criminal" noncitizens, and securing the removal of noncitizens who are subject to final orders of removal.[40] Courts are instructed to "heavily weigh" the government's interest in continued detention and effectuating final removal.[41] Because Ramos Martinez received proper procedural protections during his custody-redetermination hearing, the government's interests in this case are significant. And because he is not entitled to relief on the merits of his habeas petition, I do not address the parties' exhaustion arguments.[42] I thus deny Ramos Martinez's petition for habeas relief.

## Conclusion

IT IS THEREFORE ORDERED that petitioner Antonio Ramos Martinez's amended petition for a writ of habeas corpus **[ECF No. 15] is DENIED**. **The Clerk of Court is directed to CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
October 8, 2026

[40] *Rodriguez Diaz*, 53 F.4th at 1208.

[41] *Id.*

[42] *See Flournoy v. Small*, 681 F.3d 1000, 1004 n.1 (9th Cir. 2012) ("While we ordinarily resolve the issue of procedural bar prior to any consideration of the merits on habeas review, we are not required to do so when a petition clearly fails on the merits."); *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) ("[C]ourts are empowered to, and in some cases should, reach the merits of habeas petitions if they are . . . clearly not meritorious despite an asserted procedural bar.").